MAGNOLIA PROVISION CO. v. BEAUMONT, S. L. & W. RY. CO. SAME v. TEXAS & N. O. R. CO. et al. TEXAS & N. O. R. CO. v. HOUSTON PACKING CO.

District Court, S. D. Texas, at Houston. June 17, 1927.

Nos. 806, 807, 842.

1. Carriers ☞30—Interstate rate filed with Commission and published is conclusively presumed to be lawful rate.

An interstate rate, filed with the Interstate Commerce Commission, is conclusively presumed to be the lawful rate, and a carrier cannot be heard to dispute the rate on the ground that it was not intended, and was promulgated through mistake.

2. Carriers ☞30—Carrier cannot avoid compliance with rate it has filed and published on claim that rate is unlawful.

Carrier cannot avoid compliance with rate it has filed and published, on claim that it is in violation of law.

At Law. Actions by the Magnolia Provision Company against the Beaumont, Sour Lake & Western Railway Company, and against the Texas & New Orleans Railroad Company and another, and by the Texas & New Orleans Railroad Company against the Houston Packing Company. Judgment for plaintiff in first two cases, and for defendant in third case.

Fulbright, Crooker & Freeman, C. G. Stearns, and J. J. Shaw, all of Houston, Tex., for plaintiffs.

C. E. Coolidge, W. L. Cook, W. M. Streetman, and Andrews, Streetman, Logue & Mobley, all of Houston, Tex., for defendants.

HUTCHESON, District Judge. Two of these cases are suits by plaintiffs to recover the difference between 23 cents which they claim was the lawful rate on tin cans at the time of the shipments in question, and 70 cents, which they paid, and one of them is a suit by the railroad company to recover from the defendant a refund which it had made to the defendant on the basis of a recognition that the rate of 23 cents rather than 70 cents was correct. The position of the shippers plaintiff in two cases and the shipper defendant in the other is the same as to the proper rate which should be charged, and in view of the fact that I concur with the shippers in their claim that the 23-cent rate is the only lawful rate applicable, it will not be necessary to discuss the other defenses to the claim for refund made by the packing company defendant.

[1] Compactly stated, the issue rises out of the fact that, effective August 15, 1923, Southwestern Lines Tariff No. 210 was filed with the Commission, naming in item 3405 a rate of 23 cents per hundred pounds on cans from New Orleans, La., to "group P"; Houston being included in "group P." This item continued in effect until April 15, 1924, when in Supplement No. 29, item No. 3405 A, the 23-cent rate was· eliminated. Prior to the publication of this rate, and after its cancellation the rate of 70 cents, with certain exceptions, was applicable.

The carriers concede that prima facie the 23-cent rate is applicable, but they show both by the structure of the tariff and by the evidence of F. A. Leland, who compiled the tariff and caused it to be published, that the 23-cent rate was never intended to be set out in item No. 3405, but just below in No. 3410, and that by the printer's or a clerk's error this 23-cent rate was put in the No. 3405 bracket and there left improperly. The carriers say, therefore, that the rate never took effect, because, though published, it was not published with intent. They say further, that, if published, it was an unlawful rate, because it violates the long and short haul provisions of the law, and is therefore void.

I agree with the carriers that the evidence in the case, both the oral testimony and the structure of the tariff itself, shows plainly that the 23-cent rate was not originally drafted for the bracket 3405; but I agree with plaintiffs that the question of what the carriers intended abstractly is wholly immaterial, and that none of this evidence is relevant to the issue here joined, because in law it is an irrebutable presumption that a rate filed with the Commission and published is the lawful rate, and the carrier cannot be heard to dispute the rate by such claim.

The decisions of the Interstate Commerce Commission on this point are uniform, and, while no direct opinion of the Supreme Court determining the matter has been called to my attention, the Supreme Court, in Davis v. Portland Seed Company, 264 U. S. 403, 44 S. Ct. 380, 68 L. Ed. 762, approves the Commission's ruling on this point, saying: "The Commission holds, for example, that, although the schedule contains a plain clerical error, nevertheless no other charge may be demanded, and the shipper may recover any excess."

[2] The carriers' other positions, that the tariff was not published in the form and manner provided by certain rulings of the Commission, and that the rate violated the long

20 F.(2d)—25

and short haul clause of the statute, I think are not available to the carriers. It would be intolerable if a carrier could file with the Commission and cause to be published a rate, and then avoid its effect as to a specific shipment by claiming either that it had violated the long and short haul provision of the law, or that it had failed in some technical requirement, such as noting the fact of an increase or decrease.

So earnest has been the insistence of counsel for the railroad companies, and so able and diligent their briefing, that I have labored mightily to see the matter as they have presented it. But I have come back at the conclusion of the inquiry to the point whereat I began, that a rate filed and published is the only rate which the carrier may exact, and the only rate which the shipper may pay.

So believing, I must find for the shippers plaintiff in Nos. 806 and 807, and the shipper defendant in No. 842.